UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALICE FILINOVICH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 04 C 7189 |
| | ) Judge Virginia M. Kendall |
| ROGER CLAAR, in his individual capacity, and VILLAGE OF BOLINGBROOK, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Alice Filinovich ("Plaintiff") brought this action under Title VII and § 1983 alleging Defendants failed to accommodate her religious practices and observances. Two and a half years after the initiation of this case, Defendants Roger Claar and the Village of Bolingbrook now move to dismiss her § 1983 claims under Rule 12(b)(6), citing "new" case law. Defendants rely on *Shrum v. Coweta*, 2006 WL 1554608 (10th Cir. June 8, 2006), to argue that the First Amendment does not require them to accommodate Plaintiff's religious practice because their employment requirement of attending Saturday budget meetings is neutral and generally applicable.

The parties ardently debate whether this Court should find *Shrum*'s holding persuasive. But the Seventh Circuit – whose opinion controls in this Court – decided the issue of accommodation under the First Amendment fifteen years ago. Defendants also apparently assume, because they never explain why, that their employment requirement is indeed neutral and generally applicable. Finally, Defendants never explain why Plaintiff's § 1983 claims must be dismissed merely because she cannot base them on the Free Exercise Clause of the First Amendment. In other words, why can neither Title VII nor the Fourteenth Amendment create rights that may be vindicated through her § 1983 claims, as Plaintiff contends. In spite of their failure to address these potentially dispositive

issues, Defendants are fortunate that the Court cannot permit claims to go forward that are not allowed by the law. Finding, for the reasons explained below, that Plaintiff cannot establish the deprivation of any federal right that may be vindicated under § 1983, Defendants' Motion must be granted.

## STANDARD OF REVIEW

Defendants move to dismiss Plaintiff's § 1983 claims under Rule 12(b)(6). Because Defendants already have answered the complaint, their Rule 12(b)(6) motion will be construed as a motion for judgment on the pleadings pursuant to Rule 12(c). *See Warzon v. Drew*, 60 F.3d 1234, 1237 (7th Cir. 1995). A motion under Rule 12(c) may be granted only if the plaintiff can prove no set of facts that would entitle her to relief. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

## DISCUSSION

Plaintiff has alleged Defendants violated her federal rights by discriminating against, and not accommodating, her religious observances. As explained fully in this Court's prior order denying summary judgment, Plaintiff interviewed for the Director of Finance with the Village of Bolingbrook. According to the Village, the position required attendance at quarterly budget workshops held on Saturdays. Despite being the Village's top candidate, Plaintiff was not hired because her religious beliefs as a Seventh-Day Adventist preclude her from working on the Sabbath (sundown Friday to sundown Saturday). Defendants made no accommodation for Plaintiff's religious observance. Consequently, Plaintiff brought suit in this Court charging Defendants with violating § 1983.

Section 1983 provides an action against a person who, under color of law, deprives a citizen

of any "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; *see also Golden State Transit Corp. v. City of L.A.*, 493 U.S. 103, 105 (1989). Section 1983 "is not itself a source of substantive rights," but instead allows "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). In other words, a plaintiff has a cause of action under § 1983 only when she alleges a violation of rights already created or secured by the Constitution or federal law. Plaintiff based her § 1983 claim on the violation of three federal laws: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Equal Protection Clause of the Fourteenth Amendment, and the Free Exercise Clause of the First Amendment. As explained below, none of the three confer a federal right that may be vindicated through Plaintiff's § 1983 claim.

## I. Title VII

First, any right conferred by Title VII cannot be vindicated under § 1983. *See Great Am. Fed. Sav. & Loan Ass'n. v. Novotny*, 442 U.S. 366, 378 (1979). In *Novotny*, the Supreme Court held that a plaintiff could not invoke § 1985(3) to redress an alleged Title VII violation. *Id.* Doing so, the Court reasoned, would allow plaintiffs to circumvent or bypass the mandatory administrative process in Title VII. *Id.* at 376. While Plaintiff brings her claim under § 1983 instead of § 1985(3), the two sections are legally indistinguishable on this point. Like § 1985(3), § 1983 provides no substantial rights itself but only "provides a remedy for violation of the rights it designates." *Novotny*, 442 U.S. at 372. In this regard, each section provides a remedy when a person is deprived of any right, privilege, or immunity secured by the Constitution or laws of the United States. The main difference between the two sections – that § 1983 applies to a single actor, while § 1985(3) deals with acts committed by two or more persons in conspiracy – is immaterial to the question presented here.

Using Title VII as the basis for a § 1983 claim raises the identical concerns regarding Title VII's administrative framework that motivated the Court's decision in *Novotny*. Accordingly, if "Title VII cannot be the basis for a cause of action under § 1985(3)," *id.* at 378, neither can it be the basis for Plaintiff's cause of action under § 1983. *See Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 225 (2d Cir. 2004) ("[A] § 1983 action may not, however, be brought to vindicate rights conferred only by a statute that contains its own structure for private enforcement, such as Title VII"); *Day v. Wayne County Bd. of Auditors*, 749 F.2d 1199, 1204 (6th Cir. 1984) ("Title VII provides the exclusive remedy when the only § 1983 cause of action is based on a violation of Title VII").

## II. Constitutional Rights

Although Plaintiff cannot use Title VII as the basis of her § 1983 claim, § 1983 provides a potential remedy if the same conduct allegedly violated her Constitutional rights. *See Trigg v. Fort Wayne Cmty. Schs.*, 766 F.2d 299, 302 (7th Cir. 1985) (holding that the Fourteenth Amendment and Title VII grant public sector employees independent rights, and employee may bring a §1983 claim via a Constitution right); *see also Gierlinger v. N.Y. State Police*, 15 F.3d 32, 34 (2d Cir. 1994) (holding that Title VII plaintiff can bring a concurrent § 1983 claim as long as the latter claim is based on violation of a constitutional right and not a Title VII right). Plaintiff claims that Defendants' failure to accommodate her religious observances violated the Equal Protection Clause of the Fourteenth Amendment as well as the Free Exercise Clause of the First Amendment.

### A. Equal Protection Clause of the Fourteenth Amendment

The Fourteenth Amendment's Equal Protection Clause mandates that no state shall "deny any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 3. The Fourteenth Amendment provides Plaintiff no additional protection of her religious freedoms

4

than what the First Amendment affords her. First, because the Fourteenth Amendment's general protections should not be invoked when a more specific textual source of the constitutional protection exists in another amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."); *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (refusing to analyze claim under equal protection where complaint alleged interference with prison inmate's religious fasting raised free-exercise issue and "gain[ed] nothing by attracting additional Constitutional labels"). And second, because the Fourteenth Amendment simply applies the First Amendment to state actions. *See Malloy v. Hogan*, 378 U.S. 1, 10 (1964) ("The guarantees of the First Amendment . . . are all to be enforced against the States under the Fourteenth Amendment according to the same standards that protect those personal rights against federal encroachment."). Accordingly, the focus of the Court's inquiry is whether Plaintiff adequately has alleged a violation of her free exercise rights under the First Amendment.

**B.      Free Exercise Clause of First Amendment**

The First Amendment's Free Exercise Clause provides that no law will prohibit the free expression of religion. U.S. Const. amend. I. The Free Exercise Clause, however, is not absolute: laws that incidentally burden particular religious practices do not violate the Free Exercise Clause as long as they are neutral and generally applicable. *See Employment Div., Dept. of Human Res. of Or. v. Smith*, 494 U.S. 872, 879 (1990). These neutral laws of general applicability need not be evaluated under the stricter "compelling governmental interest" standard and do not mandate an

accommodation for those individuals that the law burdens. *Id.* at 884.

The Seventh Circuit extended *Smith*'s holding to the employment context in *Ryan v. U.S. Dept. of Justice*, 950 F.2d 458 (7th Cir. 1991). In *Ryan*, the Court held that religiously neutral employment regulations require no accommodation under the Free Exercise Clause, even though Title VII requires such accommodation. *See Ryan*, 950 F.2d at 461 ("[A]ny argument that failure to accommodate . . . religiously motivated acts violates the free exercise clause . . . is untenable," as "Title VII requires of [an employer] more than the Constitution in its own right."); *see also Borzych v. Frank*, 439 F.3d 388, 390 (7th Cir. 2006) (holding that while Title VII requires a reasonable accommodation for plaintiff's religious observances, the First Amendment does not). But Plaintiff's § 1983 claims cannot be dismissed as a matter of law simply because the Free Exercise Clause does not require Defendants to accommodate Plaintiff's beliefs. To escape liability, Defendants' decision requiring employees to meet on Saturdays must be neutral and generally applicable. *See Smith*, 494 U.S. at 884.

The questions of whether an employment requirement are both neutral and generally applicable are interrelated. *See Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993). A rule is not neutral if it appears created with discriminatory animus, or for the specific purpose of burdening a religious practice. *See U.S. v. Indianapolis Baptist Temple*, 224 F.3d 627, 629 (7th Cir. 2000). Therefore, a rule that facially discriminates against a religious practice categorically violates the Free Exercise Clause of the First Amendment. *See Church of the Lukumi Babalu Aye*, 508 U.S. at 533 ("[A] law targeting religious beliefs as such is never permissible."). Because most laws do not so obviously discriminate, facially neutral rules that have the practical effect of covertly suppressing particular religious beliefs also are prohibited. *See Bowen v. Roy*, 476

6

U.S. 693, 703 (1986). Thus, if a rule adversely impacts only the practices or beliefs of a particular group, without identifying any legitimate purpose for the rule, the rule is not neutral. *See Church of the Lukumi Babalu Aye*, 508 U.S. at 547 (holding that city law forbidding animal sacrifices, which had the intended effect of burdening a particular minority religious group, was not neutral or generally applicable). In a similar vein, laws are not generally applicable if they selectively impose burdens only on conduct that is motivated by religious beliefs. *Id.* at 543.

The employment practice challenged here is Defendants' requirement that Plaintiff attend quarterly budget workshop meetings held on Saturdays, a requirement that conflicts with Plaintiff's religious practices. Plaintiff can succeed on her § 1983 claim only if she can prove that: (1) the requirement is not generally applicable because the Village did not apply it to all applicants for the Finance Director position; or that (2) the requirement is not neutral because either (a) Defendants created the employment practice with an intent to discriminate or (b) the employment practice adversely impacts her religious practices and has no legitimate purpose. First, Plaintiff has not alleged that the disputed employment requirement is not applied generally to all applicants for the Finance Director position. Second, the law is religiously neutral. Plaintiff has nowhere alleged that Defendants created this employment practice with the specific intent to discriminate against her religious beliefs. Additionally, Defendants produced a legitimate reason for holding their quarterly budget workshops on Saturdays and also for requiring the Village's Finance Director to attend those workshops. Defendants explained that the Finance Director's attendance is critical because she must explain the budget projections to the trustees and answer their questions regarding the budget. In this regard, all department heads and Village trustees must attend the budget workshops and many department heads and trustees have obligations that may preclude changing the established schedule

7

of Saturday morning budget meetings.

For the employment requirement to be neutral and generally applicable, Defendants need not make, or even try to make, a reasonable accommodation for Plaintiff's religious practice. *See Ryan*, 950 F.2d at 461. Instead, Defendants need only produce a legitimate, non-discriminatory reason for the Village's employment requirement. *See Church of the Lukumi Babalu Aye*, 508 U.S. at 535 (holding that an "adverse impact will not always lead to a finding of impermissible targeting" where requirement satisfied "a legitimate concern of government for reasons quite apart from discrimination"). Thus, it is not relevant for purposes of the Free Exercise Clause that Defendants could have accommodated Plaintiff by not requiring her attendance at the budget meetings or moving the date of the meetings, it is only relevant that Defendants had a legitimate reason for requiring the Finance Director's attendance. *See Ryan*, 950 F.2d at 461. In sum, Plaintiff has not alleged that the disputed employment requirement is not applied to all applicants for the Finance Director position nor has she alleged that the Village does not have a legitimate purpose for requiring the Finance Director to attend the quarterly budget meetings.

Wherefore, taking as true all facts alleged in the complaint, Plaintiff's allegations do not support a reasonable inference that Defendants established the disputed employment requirement for the purpose of discriminating against Plaintiff in particular or members of the Seventh-Day Adventist Church in general. Moreover, Plaintiff has not alleged that Defendants' employment requirement has no legitimate purpose nor was applied generally to all applicants for the Finance Director position.[1] As such, the Free Exercise Clause does not require Defendants to provide

---

[1] Even if this Court were to consider matters outside the pleadings and thus treat the motion as one for summary judgment under Rule 56, Plaintiff has provided no evidence to create a genuine issue of material fact that Defendants' employment requirement is not neutral and generally applicable. In this regard, Plaintiff has been given a reasonable

Plaintiff an accommodation from their neutral and generally applicable employment requirement. And because Plaintiff cannot show a deprivation of any other right created by the Constitution or federal law, she fails to state a claim under Rule 12(c). Accordingly, Defendants' Motion to Dismiss is granted.

    So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: July 14, 2006

---

opportunity to present all pertinent materials through the various filings previously submitted to the Court.